IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Derrickson, :
          Appellant :
                           :   No.  1005 C.D. 2020
           v. :
                           :   Submitted: June 11, 2021
CO Straziser, et al. :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: May 5, 2022

Rodney Derrickson (Inmate) appeals from orders issued by the Court of Common Pleas of the 37th Judicial District, Forest County Branch (Trial Court), that sustained the demurrers of and entered summary judgment in favor of Correction Officer (CO) Straziser, health care workers in the State Correctional Institution (SCI) at Forest and the hearing examiner assigned to his grievance (collectively, DOC Employees). Inmate filed a tort action under 42 U.S.C. §1983, alleging constitutional violations and a retaliation claim predicated on an alleged civil conspiracy of DOC Employees in removing him from his janitorial job in the medical unit for a false misconduct. Inmate seeks a remand on the judgment regarding his retaliation claim

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

and a remand on the order sustaining the preliminary objections to his due process claim. Upon review, we affirm.

## I. Facts & Procedural History

In determining the dispositive orders before us, the Trial Court relied on the following facts. On February 17, 2015, Inmate began working as a janitor in the medical unit of SCI-Forest. However, he did not appear for his first day and was an hour late the following week; he also was observed conversing with other inmates while on the job on more than one occasion. On February 26, 2015, Inmate submitted an informal complaint against CO Straziser for making alleged false statements regarding his failure to perform his job. One week later, CO Straziser issued a misconduct report regarding Inmate socializing with other inmates instead of working (Misconduct). Inmate was found guilty of the Misconduct, and as a result, was removed from his job in the medical unit.[2]

Following his removal, in March 2015, Inmate filed a grievance, No. 554879, alleging that CO Straziser dismissed him from his job as a janitor in retaliation against him for making an informal complaint. He also appealed the Misconduct. However, the hearing examiner denied his appeal and deemed the grievance a response to a misconduct and denied it on that basis.

In December 2015, Inmate filed a complaint (Complaint) in the Trial Court alleging the following claims: retaliation for filing a grievance in violation of his free speech rights under the First Amendment of the United States Constitution[3] (Count I); conspiracy to commit official oppression in violation of 18 Pa.C.S. § 5301

---

[2] Prison regulations include removal from a job as a sanction for a Class II misconduct. *See* 37 Pa. Code § 93.10(a)(2)(v).

[3] U.S. CONST. amend. I.

(Count II); civil conspiracy in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983(3) (Count III); and violations of his procedural due process rights (Count IV). Generally, Inmate alleged he received the Misconduct in retaliation for grievances about prison staff, and that certain prison staff engaged in oppression and created a hostile work environment by spreading rumors about him. Regarding Count IV, he claimed the hearing examiner violated his due process rights when she denied his final misconduct appeal. As a remedy, Inmate sought sums in excess of $75,000 for compensatory and for punitive damages. The Complaint also included a demand for a jury trial.

DOC Employees filed a preliminary objection in the nature of a demurrer, asserting sovereign immunity as a defense and arguing Inmate failed to exhaust his administrative remedies and did not establish a causal connection for his retaliation claim.

In response, Inmate argued he timely asserted an affirmative defense to the exhaustion objection, he also contended the causal link could be inferred based on circumstantial evidence, and he was entitled to seek compensatory and/or punitive damages. In support, he relied upon *Bush v. Veach*, 1 A.3d 985 (Pa. Cmwlth. 2010), which held that a prisoner who alleges retaliation by prison employees for filing a grievance has invoked his First Amendment rights.

The Trial Court sustained the demurrer in part, and overruled it in part, as to the retaliation claim in Count I by order dated January 4, 2017 (2017 Order). As such, the 2017 Order did not dispose of all claims against DOC Employees. DOC Employees then filed an answer and new matter as to the retaliation claim.

Subsequent to motion practice and discovery requests, to which DOC partially responded, DOC Employees moved for summary judgment, arguing Inmate

could not prove a causal connection between the protected activity and the adverse action, *i.e.*, removing Inmate from his job. The Trial Court granted the summary judgment motion by order dated July 1, 2020 (SJ Order). Inmate timely filed a notice of appeal of the SJ Order.

The Trial Court issued an opinion in support of the SJ Order addressing the retaliation claim and requested damages. The Trial Court directed Inmate to file a concise statement of the errors complained of on appeal under Pa.R.A.P. 1925. Therein, Inmate identified errors relating to the 2017 Order sustaining the demurrer to the civil conspiracy and due process claims, citing 37 Pa. Code §93.10, and the Trial Court's order declining to award sanctions when DOC Employees failed to comply with a discovery order. After briefing, the matter is ready for disposition.

## II. Analysis

On appeal,[4] Inmate challenges both the Trial Court's 2017 Order sustaining the demurrer to Counts II through IV of his Complaint and the SJ Order granting judgment in favor of DOC Employees. In his brief, Inmate argues he is entitled to leeway as a *pro se* litigant, and asserts the Trial Court abused its discretion in granting summary judgment in light of the disputes of material fact.

In their brief, DOC Employees argue this Court should quash the portion of the appeal that pertains to the Trial Court's 2017 Order on the preliminary

---

[4] "Our [] review of a trial court's order sustaining a preliminary objection or granting summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Barrel of Monkeys, LLC v. Allegheny County*, 39 A.3d 559, 563 (Pa. Cmwlth. 2012) (citations omitted). An abuse of discretion "occurs where the trial court 'reaches a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias, or ill will.'" *Mitchell v. Shikora*, 209 A.3d 307, 314 (Pa. 2019) (citation omitted).

objections.  DOC Employees contend the appeal was untimely because it was filed more than 30 days after the Trial Court issued its 2017 Order.

The legal standards applicable to dispositive motions on appeal are well established:

> When considering preliminary objections, the appellate court must accept all well-pled facts and reasonable inferences therefrom as true. Moreover, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that a moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

*Barrel of Monkeys*, 39 A.3d at 563 (citations omitted).  However, at the outset, we consider DOC Employees' challenge to the timeliness of Inmate's appeal of the 2017 Order.

In general, only final orders of a government unit or trial court may be appealed to an appellate court.  Pa.R.A.P. 341(a).  Rule 341(b)(1) defines a final order as "any order that . . . disposes of *all claims* and of all parties . . . ."  Pa.R.A.P. 341(b) (emphasis added).  When a trial court sustains preliminary objections, such that judgment is entered in favor of the defendant; this is a final appealable order. *Osevala v. Gaudette*, 241 A.3d 500, 504-05 (Pa. Cmwlth. 2020); *see also* 20 Pa. Appellate Practice § 341:3:1 (West 2019-2020 ed.).  A final order is appealable within 30 days.  However, such an order sustaining a demurrer is a final, appealable order where it results in the dismissal of *all* counts of the complaint, *i.e.*, all claims and all parties. *See Osevala*;  *Barrel of Monkeys*; *see also Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 139 n.1 (Pa. Super. 2008).

While the 2017 Order addressed the substantive claims of the counts it addressed, *i.e.*, Counts II, III and IV of the Complaint, it was not immediately appealable because it did not dispose of all claims. Stated differently, since the retaliation claim in Count I remained for the Trial Court to resolve, the order was not final. Therefore, quashal of Inmate's appeal as to the 2017 Order is not appropriate. Rather, Inmate properly appealed the 2017 Order when judgment was entered in the SJ Order. *See Barrel of Monkeys*, 39 A.3d at 564 ("a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment."; quoting *K.H. v. J.R.*, 826 A.2d 863, 871 (Pa. 2003)). Thus, we turn to merits of the Trial Court's decision to sustain the demurrer as to Counts II through IV.

### A. 2017 Order: Preliminary Objections/Demurrer

"As a general matter, preliminary objections in the nature of a demurrer allege that a pleading is, quite simply, legally insufficient. Pa.R.Civ.P. 1028(a)(4)." *Nationwide Mut. Ins. Co. v. Wickett*, 763 A.2d 813, 817 (Pa. 2000). The 2017 Order sustained the demurrer to the conspiracy to commit official oppression (Count II), civil conspiracy (Count III), and due process (Count IV) claims.

A crucial element for a conspiracy-based claim is a meeting of the minds as to a common purpose. *See Weaver v. Franklin County*, 918 A.2d 194 (Pa. Cmwlth. 2007). To state a civil action for conspiracy, the complaint must allege a combination of persons to do an unlawful act, an overt act in pursuit of the common purpose and actual legal damages. *Id.* The unlawful act alleged in Count II was official oppression.

As this Court recognized, there is no civil cause of action for "official oppression," which is a crime. *Barner v. Correctional Officer Pientka* (Pa. Cmwlth.,

6

No. 1679 C.D. 2016, filed June 12, 2017), slip op. at 4-5, 2017 WL 2536438. "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Id.*, slip op. at 4, 2017 WL 2536438, at *2.

In our review, the Trial Court did not err in discerning no merit in the civil conspiracy claim in Count II because the Complaint contains insufficient facts to establish a "meeting of the minds." Trial Ct., Slip Op. (Preliminary Objs.), 1/4/17, at 4 (Original Record, (O.R.), Item No. 19). For the same reasons, we hold the Trial Court did not err in dismissing Count III, alleging a civil conspiracy. *See Weaver*. Because a requisite element of a meeting of the minds is lacking, the Trial Court properly sustained the demurrer to Counts II and III and dismissed those claims.

This Court similarly discerns no merit in Inmate's appeal as to the dismissal of Count IV, asserting the hearing examiner violated his due process rights.

To establish a due process violation in this context, Inmate needed to allege a deprivation of a property right without due process of law. The law is clear that there is no right to a specific prison job. *See Miles v. Wiser*, 847 A.2d 237 (Pa. Cmwlth. 2004). Additionally, to the extent Inmate alleges a procedural due process violation, there is no violation of the procedure set forth in 37 Pa. Code §93.10 regarding the handling of misconducts or grievances. An allegedly inadequate grievance procedure,[5] result-based as it is here, does not give rise to a Section 1983 claim. *See Hoover v. Watson*, 886 F. Supp. 410 (D. Del. 1995), *aff'd*, 74 F.3d 1226 (3d Cir. 1995). As these were the grounds for the due process violations set forth in

---

[5] Pursuant to DC-ADM 804, specific procedures must be followed by an inmate while using the inmate grievance system. However, Inmate's appeal was resolved as a misconduct relating to his removal from employment as a janitor in the medical unit. Subsequently, the removal was reduced to a temporary suspension.

the Complaint, which are deficient as a matter of law as predicates for a due process claim, the Trial Court did not err in sustaining the demurrer to Count IV.

Therefore, this Court affirms the Trial Court's 2017 Order sustaining the preliminary objections to Counts II, III and IV and dismissing those claims.

### B. Summary Judgment Order: Count I/Retaliation

This Court's review of an order granting summary judgment is plenary. *See O'Donoghue v. Laurel Savings Association,* 728 A.2d 914, 916 (Pa. 1999). "Summary judgment is appropriate only in those cases where the record clearly demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Yount v. Department of Corrections*, 966 A.2d 1115, 1118 (Pa. 2009) (citation omitted). Further, where the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Id.*

Although Inmate is correct that Pa.R.Civ.P. 1035 provides that judgment should not be granted unless there are no disputed material facts, he does not recognize the purely legal issue presented to the Trial Court regarding the lack of causation. Instead, he focuses on the veracity of the allegations underlying his claims. He contends that since the Misconduct was filed *after* he complained about the conspiracy against him, which he alleges was designed to remove him from his post, the Trial Court erred in failing to resolve that issue in his favor. We disagree.

To establish a retaliation claim predicated on exercising a constitutional right, Inmate needed to show the following elements: (1) his conduct was constitutionally protected; (2) an adverse action by prison officials; and, (3) the constitutionally protected conduct was a substantial motivating factor of the adverse action. *See Bush*; *Yount*. The Trial Court determined that Inmate established the

8

protected activity in filing of a grievance and showed an adverse action in that he was removed from his job. *See* Trial Ct., Slip Op., 7/1/2020.

However, the Trial Court determined the filing of the protected activity, *i.e.*, filing a grievance, was not a motivating factor in removal from his job, and thus the causal connection was not met. *See* Pa.R.A.P. 1925 Op. at 2. Rather, the Trial Court concluded, based on materials Inmate submitted, that multiple staff noted his refusal to obey orders and failure to perform work, which were the motivation for the Misconduct and related removal.[6]

Based on the materials included in the summary judgment motion and response, the Trial Court had adequate basis for deeming Inmate's retaliation claim deficient. Inmate did not allege more than mere proximity in time for the alleged retaliatory action (removal from his job) and his informal complaint against CO Straziser. That does not alone constitute a substantial motivating factor as required for a causal link between the right and the adverse action. Causation is a legal prerequisite to a retaliation claim. *Yount*. Therefore, the Trial Court did not err in granting judgment in favor of DOC Employees on Count I.

### C. Discovery Order

Lastly, we consider Inmate's contention that the Trial Court abused its discretion in denying requested sanctions for alleged violation of its discovery order. It is well established that a discovery sanction, and its severity, are within the discretion of the Trial Court. *Zauflik v. Pennsbury School District*, 72 A.3d 773, 797

---

[6] Inmate also argued the Trial Court erred in requiring a physical injury for an alleged free speech violation in filing the Misconduct as retaliation. Based on our disposition, whereby we uphold the Trial Court's holding that the elements for the underlying claim of retaliation are not met, it is not necessary to determine whether damages (compensatory or punitive) were properly denied. Regardless, Inmate did not show egregious or malicious conduct for punitive damages. *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766 (Pa. 2005).

9

(Pa. Cmwlth. 2013) (citations omitted).  Therefore, "this Court 'will not disturb such a sanction absent an abuse of that discretion.'"  *Id.*  Such an "abuse of discretion . . . requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous."  *Id.*  We agree with the Trial Court that Inmate did not satisfy his heavy burden to show an abuse of discretion in the denial of his motion for sanctions here.  *See* Pa.R.A.P. 1925 Op. at 6.

### III. Conclusion

For the foregoing reasons, the Trial Court's orders, *i.e.*, the 2017 Order and the SJ Order, are affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Derrickson,                    :
                  Appellant          :
                                      :    No.  1005 C.D. 2020
        v.                            :
                                      :
CO Straziser, et al.                  :

## *ORDER*

AND NOW, this 5th day of May, 2022, the Orders of the Court of Common Pleas of the 37th Judicial District, Forest County Branch, sustaining preliminary objections and entering summary judgment in favor of Appellees are AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge